IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HOSSEIN HADDAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 1:24-cv-2289 |
| v. | ) |
| | ) |
| KENNETH PLATEK, et al., | ) |
| | ) |
| Defendants. | ) |

<u>ORDER</u>

THIS MATTER comes before the Court on Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6), and Defendants' Motion to Sever Plaintiffs and their claims.

Plaintiffs Hossein Haddad and Zahra Asadi, Mojtaba Hosseini and Faeze Behzadi, David Nicholaeff and Mahsasadat Mirjamali, Abtin Tehrani and Mahsa Maleki, Artin Simon Nercisian and Fatemeh Nikoopoor, Bahram Dinyarian and Mahsa Sirous, Anasheh Janian and Mazda Keyvanian, Michelle Savoie and Mehrdad Moradi, Azad Zadeh and Yavar Yarahmadi, Salar Golro and Zahra Momeni, and Sweeny David and Tony Ivan Namian ("Plaintiffs") seek to compel Defendants to adjudicate their K-1 nonimmigrant visa applications. Plaintiffs seek relief under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), 706(2). Plaintiffs also request a prompt adjudication of their

1

visa applications pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

Defendants move to dismiss Plaintiffs' Complaint arguing that Plaintiffs lack standing to challenge the State Department's handling of the visa applications, and that the Court lacks jurisdiction over Plaintiffs' APA and mandamus claims because Plaintiffs cannot establish a clear, non-discretionary duty for Defendants to act. In the alternative, Defendants move to sever Plaintiffs' claims pursuant to Fed. R. Civ. P. 21 and dismiss Plaintiffs' claims pursuant to Rules 12(b)(3) (improper venue) and 12(b)(6) (failure to state a claim). For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs have not identified a discrete agency action Defendants are required to take. Because the Court finds that it lacks subject matter jurisdiction over Plaintiffs' claims, it will not address Defendants' additional arguments.

Pursuant to the Immigration and Nationality Act ("INA"), generally, a foreign national may not be admitted into the United States without first being found eligible for, and issued, a visa. See 8 U.S.C. § 1181(a). Visas are classified into two types: nonimmigrant and immigrant, see id. § 1201(a)(1), and there are several classifications of nonimmigrant visas. See, e.g., id. § 1101(a)(15). A noncitizen who is the fiancé(e) of United States

2

citizen can be admitted to the United States under a nonimmigrant visa known as a "K-1 visa." Id. §§ (K)(i), 1184(d); see also 9 Foreign Affairs Manual ("FAM") 502.7-3. To be classified as K-1 nonimmigrant, a noncitizen fiancé(e) must be the beneficiary of an I-129F, *Petition for Alien Fiancé(e)*, approved by United States Citizenship and Immigration Services ("USCIS"). 8 C.F.R. § 214.2(k)(1); see 8 U.S.C. § 1184(d) (delegating petitioning procedure to the Department of Homeland Security ("DHS")). In other words, a U.S. citizen must file a Form I-129F petition on behalf of their noncitizen fiancé(e). If and when DHS—through USCIS—approves the petition, the noncitizen may begin his or her quest to secure a visa by submitting the required documents and then appearing at a United States embassy or consulate for an interview with a consular officer. See 8 U.S.C. §§ 1201(a)(1)(B), 1202(c); 22 C.F.R. § 41.102(a) (nonimmigrants). Under the INA, only a consular officer can issue a visa. 8 U.S.C. § 1201(a)(1).

At the interview, the visa applicant executes her or his visa application, which in this case is the DS-160, *Online Nonimmigrant Visa Application*, in the presence of the consular officer. The burden of proof is on the applicant to "establish that he is eligible to receive such visa." 8 U.S.C. § 1361. 8 U.S.C. § 1201(g) provides that no visa "shall be issued to an alien" if "it appears to the consular officer . . . that such alien is ineligible to receive a visa . . . under section 1182 of this title, or any other

3

provision of law," or if "the consular officer knows or has reason to believe" that the alien is ineligible. 8 U.S.C. § 1201(g); see 22 C.F.R. § 40.6. At the conclusion of the applicant's interview, the consular officer must either issue or refuse the visa under 8 U.S.C. § 1182(a), 8 U.S.C. § 1201(g), or other applicable law. 22 C.F.R. § 41.121(a) ("When a visa application has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa, or . . . discontinue granting the visa.").

Plaintiffs are U.S. Citizens and their respective noncitizen fiancé(e)s who have had their Form I-129F petitions approved by USCIS and have properly filed the Form DS-160, *Online Nonimmigrant Visa Application*. All noncitizen Plaintiffs attended their respective interviews at a U.S. Embassy abroad at which time they properly executed their visa applications and were interviewed by a consular officer. After attending their interviews, Plaintiffs assert they were informed their case would be placed in administrative processing and some Plaintiffs were asked to submit additional information. The consular officer then refused to issue noncitizen Plaintiffs a nonimmigrant visa under INA § 221(g), 8 U.S.C. § 1201(g). Plaintiffs were interviewed between ten and twenty-four months prior to filing the Complaint. All noncitizen Plaintiffs' applications remain refused under INA § 221(g), and

4

Plaintiffs' visa application status on the State Department's Consular Electronic Application Center webpage continues to show that their cases are "Refused."

On December 16, 2024, Plaintiffs filed this civil action requesting that this Court compel Defendants to provide a "final adjudication" of Plaintiffs' K-1 nonimmigrant visa applications. Plaintiffs assert two causes of action against Defendants alleging that Defendants have a clear, non-discretionary, mandatory duty to adjudicate visa applications and have failed to do so in a reasonable amount of time and have unreasonably delayed and withheld Plaintiffs' applications in violation of the Mandamus Act and APA. On February 18, 2025, Defendants filed their Motions to Dismiss and Motion to Sever Plaintiffs and/or Plaintiffs' Claims. On March 4, 2025, Plaintiffs filed a response to the motions, and Defendants filed a reply. This matter is now ripe for disposition.

Federal district courts are courts of limited subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Under Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a complaint on the grounds that a court lacks subject matter jurisdiction. A motion under 12(b)(1) may argue either "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," or that "the jurisdictional allegations of the complaint were not true." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiff bears the

5

burden of establishing a jurisdictional basis for their claims, and absent a showing of facts establishing this basis by a preponderance of the evidence, the case must be dismissed. Vuyyuru v. Jadhav, 555 F.3d 337, 347-48 (4th Cir. 2009). In determining jurisdiction, the district court must "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir. 1991).

Defendants argue that this Court lacks subject matter jurisdiction over Plaintiffs' mandamus and APA claims because Plaintiffs have not identified a discrete agency action that Defendants were required to take. This Court agrees. The APA "does not provide judicial review for everything done by an administrative agency." Invention Submission Corp. v. Rogan, 357 F.3d 452, 459 (4th Cir. 2004) (citation omitted); see 5 U.S.C. § 701(a)(2) ("This chapter applies . . . except to the extent that (2) agency action is committed to agency discretion by law."). Rather, a court can only compel agency action that has been "unlawfully withheld or unreasonably delayed" where a plaintiff asserts "that an agency failed to take a discrete agency action that it is required to take." Gonzalez v. Cuccinelli, 985 F.3d 357, 365-66 (4th Cir. 2021) (quoting Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) (emphasis in

original)). "But where an agency is *not required* to do something," a court "cannot compel the agency to act—let alone to act faster." Id. at 366 (emphasis in original); see also City of New York v. U.S. Dep't of Def., 913 F.3d 423, 432 (4th Cir. 2019) ("Just like the traditional mandamus remedy from which [5 U.S.C. § 706(1)] is derived, claims to compel agency action are 'limited to enforcement of a specific, unequivocal command,' over which an official has no discretion.").

Plaintiffs assert that Defendants have failed to provide a "final adjudication" of Plaintiffs' K-1 nonimmigrant visa applications. While Plaintiffs allege that the visa applications have been placed in "administrative processing[,]" and thus not finally adjudicated, Plaintiff does not address the authority cited by Defendants supporting the conclusion that the government has satisfied any requirement to act with their initial refusal pursuant to INA § 221(g), outside of stating they "disagree" with the holdings. See Raihanoune v. USCIS, No. 1:24-cv-219-PTG-IDD, 2025 WL 510235, at *5 (E.D. Va. Feb. 13, 2025) (holding that "an initial refusal is an adjudication for purposes of APA or mandamus review."). Indeed, an initial refusal satisfies the government's obligation with respect to Plaintiffs' visa applications. And regardless of whether Plaintiffs disagree, "the government does not have a 'clear duty' to take any particular action after it has timely refused a visa[.]" Berenjian v. Blinken, No. 1:24-cv-663-

7

MSN-IDD, 2024 WL 3732451, at *4 (E.D. Va. Aug. 8, 2024). Moreover, the possibility of reconsidering a refusal does not mean that the refusal was not a refusal. To the extent Plaintiffs argue that Section 555(b) imposes a discrete, non-discretionary duty on Defendants to adjudicate Plaintiffs' visa applications, as discussed above, the applications have already been adjudicated. Additionally, Section 555(b) "applies to *every* agency action" and thus, as a general directive, cannot impose a discrete, nondiscretionary duty on Defendants to take further action on their applications. See Raihanoune, at *5 n.7.

Plaintiffs would need to prove that re-adjudication is necessary, due to the initial refusal satisfying the requirement of adjudication. However, nothing implies this within the regulatory or statutory language. See 22 C.F.R. § 41.121(a) ("When a visa application has been properly completed and executed . . . the consular officer must issue the visa, refuse the visa, or . . . discontinue granting the visa."); see also 8 U.S.C. §§ 1182(a), 1201(g). Because Defendants have fulfilled their clear non-discretionary duty to act since it has, indeed, issued a refusal, this Court has no jurisdiction over Plaintiffs' APA claims.

The same conclusion is warranted with respect to Plaintiffs' claim for mandamus. First, the Mandamus Act does not independently confer jurisdiction. See, e.g., Jahangiri v. Blinken, 2024 WL 1656269, at * 14 (D. Md. Apr. 17, 2024) ("Courts have determined

8

that they lack jurisdiction to decide claims for mandamus relief which would be duplicative of their cause of action under the APA."). Here, where a plaintiff seeks to compel agency action, relief based on a writ of mandamus is "functionally identical" to relief based on the APA. Hyatt v. U.S. Pat. & Trademark Off., 146 F. Supp. 3d 771, 781 & n.25 (E.D. Va. 2015). A plaintiff seeking mandamus relief must show "that the responding party has a 'clear duty to do the specific act requested.'" Cumberland County Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016) (quoting United State ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 511 (4th Cir. 1999)). That threshold requirement is jurisdictional. American Hosp. Assoc. v. Burwell, 812 F.3d 183, 189 (D.C. Cir. 2016). As just described, the State Department does not have a "clear duty" to take any particular action here, so there is no jurisdiction over Plaintiffs' claim for mandamus.

Plaintiffs argue that because there is a non-refundable fee associated with the K-1 nonimmigrant visa applications, Defendants have a "nondiscretionary duty to complete the service for which the fee was paid." However, binding Fourth Circuit precedent found that it is a "significant logical leap" to conclude that a mandatory application fee binds USCIS to adjudicate immigration applications. Lovo v. Miller, 107 F.4th 199, 215 (4th Cir. 2024) ("[a]t most, the required payment might show that USCIS must *either* adjudicate or return the applicant's fee, *not* that an applicant

9

can compel USCIS to adjudicate their application."). Thus, the filing fee does not mandate any clear, non-discretionary duty.

And finally, any relief requested under the Declaratory Judgment act also fails. Under that law, this Court has subject matter jurisdiction only where "there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). Because the Court finds that Plaintiffs have not adequately alleged Defendants to have violated any duty, there is no such "substantial controversy" of sufficient "reality to warrant the issuance of a declaratory judgment." Id. Moreover, a claim under the Declaratory Judgment Act, even if made, does not confer jurisdiction. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 221 n.7 (4th Cir. 2001).

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED; and it is further

ORDERED that this case is dismissed for lack of subject matter jurisdiction.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 4, 2025

10